## THE LESLIE.

### (District Court, E. D. Pennsylvania. April 26, 1917.)

### No. 15.

NAVIGABLE WATERS ⬥≈26(3)—OBSTRUCTIONS TO NAVIGATION—SUBMERGED PILES—LIABILITY FOR INJURY TO VESSEL.

Injury to a lighter by stranding while in tow on submerged pilings off a pier, the outer end of which had been partially removed under a contract with the city, *held* without fault on the part of the lighter or her tug, but due solely to the negligence of the contractor, which had left parts of the piling under water, where they could not be seen, without anything to indicate that the work had not been completed, or any marking to warn passing vessels of the danger.

[Ed. Note.—For other cases, see Navigable Waters, Cent. Dig. §§ 152–166.]

In Admiralty. Suit by the lighter Leslie against the Armstrong & Latta Company and others. Decree for libelant.

J. Frank Staley and Lewis, Adler & Laws, all of Philadelphia, Pa., for lighter Leslie.

Howard M. Long, of Philadelphia, Pa., for Armstrong & Latta Co.

John P. Connelly, City Sol., and Marshall A. Coyne, Asst. City Sol., both of Philadelphia, Pa., for City of Philadelphia.

H. Alan Dawson and Biddle, Paul & Jayne, all of Philadelphia, Pa., for tug Alpha.

BUFFINGTON, Circuit Judge. The libel in this case was filed by the lighter Leslie against the city of Philadelphia and the Armstrong & Latta Company to recover damages for injuries sustained by it on June 16, 1914, from stranding, while in tow of the tug Alpha, on submerged pilings in the Delaware river off Pier No. 41, South Wharves, Philadelphia. Subsequently the Armstrong & Latta Company, pursuant to admiralty rule 59 (29 Sup. Ct. xlvi), filed a petition to make the tug Alpha a party respondent.

The city of Philadelphia had entered into a contract with the Armstrong & Latta Company for the demolition and removal of the superstructure and piling which constituted the outer portion of Pier 41, South Wharves, Philadelphia, and a considerable portion of this work had been completed at the date of the accident to the Leslie.

On the morning of the accident, the lighter Leslie, with a load of broken stone and drawing about eight feet of water, left the Otis Street Wharf, Philadelphia, in tow of the tug Alpha, which latter was under instructions to tow her to Pier 38, South Wharves, then in course of construction, and the next pier to the northward of Pier 41. The tug and tow arrived off Pier 38 about 11 a. m.; the tide being half ebb. Having no explicit instructions where to place the lighter, the tug lay to and blew attention whistles, whereupon some one, later identified to be in the employ of a contractor of other pier construction work near by, appeared on the outer end of Pier 41 and directed

---

⬥For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

the tug to take the lighter to the south side of that pier, and the tug, in attempting to do this, brought the lighter into collision with some submerged pilings, which caused the damage complained of.

There is some conflict of testimony as to the actual condition existing at the time of the accident in the vicinity of Pier 41, but a care-. ful review of the evidence leaves little room for doubt that there was nothing there to indicate to a navigator, proceeding with due caution, that the course chosen by the tug was not a safe one. The masters of both tug and tow were competent and experienced men, and nothing in the testimony supports the charge, by the Armstrong & Latta Company, of negligence on their part. After a review of the proofs we therefore find that the Alpha and Leslie were, at the date of the accident, seaworthy vessels, were in charge of competent and experienced masters, and that the course chosen by the Alpha to the south side of Pier 41 was in an open fairway and apparently a safe path to pursue for that purpose; that there were no obstructions visible above water, and no markings, buoys, or danger signals to warn navigators that the locality of the accident was otherwise than safe; that there were no signs of work being carried on upon Pier 41 at the date of the accident, nor had any work been done thereon for some days prior thereto; that the plant of the contractors, Armstrong & Latta Company, had been taken away, and that to all appearances the work of removing all pilings which might offer obstruction to navigation had been completed; that, while pursuing an apparently safe course for a legitimate purpose, the lighter Leslie stranded upon broken and submerged pilings in the bed of the river and was damaged; that such piling had formed part of the demolished portion of Pier 41, and had not been removed by the Armstrong & Latta Company with the rest of the piling which had supported the superstructure of that pier; that the Armstrong & Latta Company were negligent in not removing said sunken pilings, and in not placing warnings or danger signals to indicate that the water in the vicinity was dangerous to navigation.

In view of the above findings, and of the liability of the Armstrong & Latta Company, the question of the liability of the city of Philadelphia becomes practically academic, and, without deciding, we pass by the question of its liability.

A decree may be submitted in accord with this opinion, adjudging the Armstrong & Latta Company pay the Leslie her damages; that the libel against the city be dismissed, but without costs; that the petition of the Armstrong & Latta Company against the Alpha be dismissed, with costs; and that, unless the damages of the Leslie are stipulated, the customary order of reference be made.